### Three Years Later, the Scheme Is Revealed

72.   None of Defendants disclosed the conduct described herein to the Combined Plan, to the trustees of any Putnam mutual fund, to internal audit representatives, or to any auditors of PFTC or any Putnam mutual fund until at least January 2004. Beginning in January 2001, as a result of the uncompensated dilution in the Research Fund, its NAV was incorrect. Thus, during the period beginning in January 2001, investors bought and sold Research Fund shares at the wrong NAV.

73.   In January 2004, after having been terminated from PFTC for other reasons, defendant Crain left a voice message for an internal auditor for PFTC's corporate parent. In his voice message, defendant Crain described the conduct of January 5, 2001 as having the "fingerprints" of "financial fraud." After an internal investigation, PFTC terminated defendants Durgarian, Papa, and Hogan, and retroactively converted defendant McCracken's 2002 resignation into a termination for cause.

74.   In or about February and March 2004, the NAV of the Research Fund was corrected and PFTC disclosed the wrongful conduct to the Combined Plan. PFTC and its corporate parents have further made compensatory payments to the Putnam mutual funds, to the Combined Plan, and to shareholders and participants who had redeemed shares or withdrawn from the Combined Plan or the Putnam mutual funds after January 2001.

### Remedies

75.   The violations set forth in this Complaint involve fraud, deceit, manipulation, or deliberate or reckless disregard of a regulatory requirement and such violations directly or indirectly resulted in substantial losses or created a significant risk of substantial losses to other

persons.

## FIRST CLAIM

(Violation of Exchange Act Section 10(b) and
Exchange Act Rule 10b-5 Against All Defendants)

76.  The Commission repeats and incorporates by reference the allegations in paragraphs 1-74 of the Complaint as if set forth fully herein.

77.  As set forth more fully herein, each of Defendants, directly or indirectly, by use of the means or instruments of interstate commerce, or of the mails, or of a facility of a national securities exchange, knowingly or recklessly (a) employed devices, schemes and artifices to defraud; (b) made untrue statements of material fact or omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or (c) engaged in acts, practices, and courses of business which operated or would operate as a fraud or deceit upon the purchasers of securities and upon other persons, in connection with the purchase or sale of a security.

78.  In connection with the acts and omissions described herein, each of Defendants, acted knowingly or recklessly. Each knew, or was reckless in not knowing, that conduct described in this Complaint, including the after-the-fact alterations of dates and prices of transactions, uncompensated "as of" trades, sales of excess shares, violations of the penny-per-share policy, expense accrual adjustments, failures to disclose and false certifications described herein (collectively, "Wrongful Transactions and False Certifications") constituted and employed devices, schemes and artifices to defraud, contained material misstatements and omissions, or operated or would operate as a fraud or deceit in connection with the purchasers or sale of a

security.

79. By reason of the foregoing, each of Defendants violated Section 10(b) of the Exchange Act and Exchange Act Rule 10b-5.

## SECOND CLAIM

(Violation of Securities Act Section 17(a) Against All Defendants)

80. The Commission repeats and incorporates by reference the allegations in paragraphs 1-74 of the Complaint as if set forth fully herein.

81. As set forth more fully herein, each of Defendants in the offer or sale of securities, by the use of means or instruments of transportation or communication in interstate commerce, or by the use of the mails, directly or indirectly: (a) employed devices, schemes or artifices to defraud; (b) obtained money or property by means of untrue statements of material facts or omissions to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or (c) engaged in transactions, practices or courses of business which operated or would operate as a fraud or deceit upon purchasers of securities.

82. In connection with the acts and omissions described herein, each of Defendants acted knowingly, recklessly, or negligently. Each knew, or was reckless in not knowing, or should have known, that the Wrongful Transactions and False Certifications constituted and employed devices, schemes or artifices to defraud, contained material misstatements and omissions, or operated or would operate as a fraud or deceit upon purchasers of securities.

83. By reason of the foregoing, each of Defendants violated Section 17(a) of the Securities Act.

## THIRD CLAIM

(Violation of Investment Company Act Section 34(b) Against Defendant Durgarian)

84. The Commission repeats and incorporates by reference the allegations in paragraphs 1-74 of the Complaint as if set forth fully herein.

85. As set forth more fully herein, in a registration statement, application, report, account record or other document filed or transmitted pursuant to the Investment Company Act, defendant Durgarian made untrue statements of material fact and/or omitted to state facts necessary to prevent the statements made therein, in the light of the circumstances under which they were made, from being materially misleading.

86. By reason of the foregoing, defendant Durgarian violated Section 34(b) of the Investment Company Act.

## FOURTH CLAIM

(Violation of Investment Company Act Section 37 Against Defendant Durgarian)

87. The Commission repeats and incorporates by reference the allegations in paragraphs 1-74 of the Complaint as if set forth fully herein.

88. As set forth more fully herein, defendant Durgarian stole, unlawfully abstracted, unlawfully and willfully converted to his own use or the use of another, or embezzled moneys, funds, securities, credits, property, or assets of one or more registered investment companies.

89. By reason of the foregoing, defendant Durgarian violated Section 37 of the Investment Company Act.

24

## FIFTH CLAIM

(Aiding and Abetting PFTC's Uncharged Violations of Exchange Act Section 10(b) and Exchange Act Rule 10b-5 Against All Defendants)

90. The Commission repeats and incorporates by reference the allegations in paragraphs 1-74 of the Complaint as if set forth fully herein.

91. Section 10(b) of the Exchange Act and Rule 10b-5 thereunder prohibit fraudulent conduct in connection with the purchase or sale of securities.

92. As set forth herein, PFTC violated Section 10(b) of the Exchange Act and Rule 10b-5 thereunder.

93. By knowingly rendering substantial assistance to PFTC's violations, each of Defendants aided and abetted PFTC's violations of Section 10(b) of the Exchange Act and Rule 10b-5 thereunder.

## PRAYER FOR RELIEF

**WHEREFORE**, the Commission respectfully requests that this Court issue a Final Judgment:

A. Permanently restraining and enjoining each of Defendants Durgarian, McCracken, Papa, Hogan, Crain and Childs from violating, directly or indirectly, Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] and Section 10(b) of the Exchange Act [15 U.S.C. §§ 78j(b)] and Rule 10b-5 thereunder [17 C.F.R §§ 240.10b-5];

B. Permanently restraining and enjoining defendant Durgarian from violating, directly or indirectly, Sections 34(b) and 37 of the Investment Company Act [15 U.S.C. §§ 80a-34(b) and 80a-37];

   C. Ordering each of Defendants Durgarian, McCracken, Papa, Hogan, Crain and Childs to pay civil penalties pursuant to Section 20(d) of the Securities Act and Section 21(d)(3) [15 U.S.C. §§ 77t(d) and 78u(d)(3)], and with respect to defendant Durgarian, Section 42(e) of the Investment Company Act [15 U.S.C. § 80a-42(e)]; and

   D. Granting such other and additional relief as this Court may deem just and proper.

Respectfully submitted,

By: _____
Ian D. Roffman (BBO #637564)
Scott D. Pomfret (BBO #641717)
ATTORNEYS FOR PLAINTIFF
SECURITIES AND EXCHANGE COMMISSION
73 Tremont Street, 6th Floor
Boston, Massachusetts 02108
(617) 573-8900, ext. 8987 (Roffman)

Dated: December 30, 2005