UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
(Boston Division)

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | Civil Action No. 05-12618 (NMG) |
| v. | |
| KARNIG H. DURGARIAN, JR., et al., | **ORAL ARGUMENT REQUESTED** |
| Defendants. | |

## DEFENDANT KEVIN CRAIN'S MOTION TO DISMISS

Pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b), defendant Kevin F. Crain respectfully moves to dismiss the three claims filed against him by the plaintiff Securities and Exchange Commission ("SEC"). As grounds for this motion, Crain states as follows:

1. The SEC fails to properly allege that Crain engaged in fraudulent conduct — an essential element for a primary violation claim under § 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 thereunder (First Claim) and § 17(a) of the Securities Act of 1933 (Second Claim).

2. The SEC fails to properly allege scienter — an essential element for a primary violation claim under § 10(b) (First Claim) and § 17(a)(1) (Second Claim).

3. The SEC fails to allege facts establishing that Crain was an "offeror" or "seller" — an essential element for a claim under § 17(a) (Second Claim).

4. The SEC fails to allege a primary violation of § 10(b) by Putnam Fiduciary Trust Company ("PFTC") — an essential element for an aiding and abetting claim under § 10(b) (Fifth Claim).

- 2 -

5.      The SEC also fails to allege the higher level of scienter required to establish Crain's aiding and abetting liability under § 10(b) (Fifth Claim).

These grounds for dismissal are addressed in the accompanying Joint Memorandum of Law filed on behalf of all six defendants.  In addition, Crain addresses the following grounds for dismissal in his individual Memorandum of Law.

6.      Even assuming that the SEC alleges a "scheme to defraud" under § 10(b) and § 17(a), it fails to properly allege that Crain committed a manipulative act in furtherance of it (First and Second Claims).

7.      Even assuming that the SEC alleges a primary violation of § 10(b) by PFTC, it fails to properly allege that Crain knowingly provided substantial assistance to PFTC (Fifth Claim).

Each of these failures requires dismissal under Federal Rules of Civil Procedure 12(b)(6) and 9(b).

WHEREFORE, for these reasons and the reasons set forth in the Joint Memorandum of Law filed on behalf of all six defendants and the individual Memorandum of Law filed on behalf of Crain, Crain requests that the Court dismiss the First, Second, and Fifth Claims against him in the Complaint.

- 3 -

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1, Kevin F. Crain requests the Court to schedule an oral argument in connection with his motion to dismiss.

                Respectfully submitted,

                KEVIN F. CRAIN,
                By his attorney,


                /s/ Anthony Mirenda
                Anthony Mirenda, BBO #550587
                Robert E. Toone, BBO #663249
                FOLEY HOAG LLP
                155 Seaport Boulevard
                Boston, MA 02210
                (617) 832-1000

Dated: March 31, 2006

## CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 7.1

I hereby certify that on March 30, 2006, I conferred with Ian Roffman, counsel for the plaintiff, to resolve or narrow the issues raised by this Motion, but was unable to do so.

                /s/ Anthony Mirenda

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on March 31, 2006.

                /s/ Anthony Mirenda