UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| Securities & Exchange Commission, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-12618 (NMG) |
| ) | |
| Karnig H. Durgarian, Jr., ) | |
| Donald F. McCracken, ) | |
| Ronald B. Hogan, Virginia A. Papa, ) | |
| Kevin F. Crain, and Sandra G. Childs, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## **DEFENDANT KARNIG H. DURGARIAN'S MOTION TO DISMISS COMPLAINT**
### **(Fed. R. Civ. P. 12(b)(6) and 9(b))**

**NOW COMES** defendant Karnig H. Durgarian, Jr. ("Durgarian") and hereby moves that this Honorable Court dismiss the Complaint in the above-referenced matter pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b).

**IN SUPPORT WHEREOF**, Durgarian states as follows:

Durgarian is named a defendant in each of the five (5) claims asserted in the Complaint. By way of the Joint Memorandum of Law in Support of Motions to Dismiss submitted herewith by all of the defendants ("Joint Memorandum"), all defendants – including Durgarian – address the SEC's failure to state a claim against them in the **First Claim** (Exchange Act Section 10(b) and Rule 10b-5); the **Second Claim** (Securities Act Section 17(a)); and the **Fifth Claim** (Aiding and Abetting) of the Complaint. The **Third** and **Fourth** Claims of the Complaint (identified below), are brought against Durgarian alone, however, and are thus separately briefed.

**IN FURTHER SUPPORT WHEREOF**, as to the **First**, **Second** and **Fifth Claims**, brought against all defendants, Durgarian states as follows:

The SEC fails to sufficiently allege the fraudulent conduct or *scienter* necessary to sustain claims under Sections 10(b) (**First Claim**) or 17(a) (**Second Claim**). Additionally, the SEC does not allege that any of the defendants were "offerors" or "sellers" within the ambit of Section 17(a) (**Second Claim**). The aiding and abetting claim (**Fifth Claim**) fails because the SEC does not sufficiently allege any primary violation or the requisite *scienter*. In any event, as explained in the Joint Memorandum, the Court should dismiss each of the **First**, **Second**, and **Fifth Claims** for non-compliance with the stringent pleading requirements of Rule 9(b).

**IN FURTHER SUPPORT WHEREOF**, as to the **Third** ("False Reports") and **Fourth** ("Embezzlement") **Claims**, Durgarian states as follows:

Durgarian has submitted herewith, a separate Memorandum of Law ("Durgarian's Memorandum") in support of his Motion to Dismiss insofar as such Motion regards the **Third** and **Fourth Claims** of the Complaint – Investment Company Act claims brought as against Durgarian alone. As is demonstrated within Durgarian's Memorandum, the Court should dismiss the **Third Claim** – brought under Section 34(b) ("Destruction and Falsification of Reports and Records") – because the SEC fails to sufficiently allege that Durgarian made any false statement of material fact or actionable omission.

The **Fourth Claim** – fashioned as one under Section 37 ("Larceny and Embezzlement") – also merits dismissal where that statute speaks solely to criminal liability and criminal penalties, and thus criminal proceedings, and therefore, cannot be construed as providing a civil cause of action. Moreover, even assuming, *arguendo*, the applicability of Section 37 to the instant civil action, the SEC does not sufficiently allege the fraudulent conduct or *scienter*

necessary to sustain its claim.

Last, as Durgarian's Memorandum shows, the Court should likewise dismiss both the **Third** and **Fourth Claims** of the Complaint on separate grounds of failure to comply with the heightened pleading requirements of Rule 9(b).

**WHEREFORE**, Durgarian respectfully requests that this Honorable Court ALLOW the instant Motion to Dismiss the Complaint.

**IN FINAL SUPPORT WHEREOF**, Durgarian relies upon (1) the Joint Memorandum of Law in Support of Motions to Dismiss by Defendants Karnig H. Durgarian, Jr., Donald F. McCracken, Ronald B. Hogan, Virginia A. Papa, Kevin F. Crain, and Sandra G. Childs; and (2) Memorandum of Law in Support of Defendant Karnig H. Durgarian's Motion to Dismiss the Third and Fourth Claims of the Complaint, submitted herewith.

## ORAL ARGUMENT REQUESTED
### (L.R. 7.1(D))

Durgarian believes that argument may assist the Court in resolving the within Motion and hereby requests oral argument.

Respectfully submitted,

KARNIG H. DURGARIAN, JR.

/s/ Frank A. Libby
Frank A. Libby (BBO No. 299100)
Sharon Lahey (BBO No. 662804)
Kelly, Libby & Hoopes, P.C.
175 Federal Street
Boston, MA  02110
Tel:  (617) 338-9300

Dated: March 31, 2006

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(A)(2)

Pursuant to Local Rule 7.1(A)(2), I hereby certify that I conferred with Attorney Ian Roffman, counsel of record for Plaintiff Securities and Exchange Commission, on March 30, 2006 in a good-faith attempt to resolve or narrow the issues of this motion.

                        /s/ Sharon Lahey
                        Sharon Lahey

## CERTIFICATE OF SERVICE

I, Frank A. Libby, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 31st day of March, 2006.

                        /s/ Frank A. Libby
                        Frank A. Libby