UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>KARNIG H. DURGARIAN, JR., et al.,<br><br>Defendants. | Civil Action No. 05-12618 (NMG) |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT KARNIG H. DURGARIAN'S MOTION TO
DISMISS THE THIRD AND FOURTH CLAIMS OF THE COMPLAINT**

**I.   INTRODUCTION**

Defendant Karnig H. Durgarian, Jr. ("Durgarian") respectfully submits this Memorandum of Law in support of his Motion to Dismiss the Third and Fourth Claims of the Complaint. These claims, brought against Durgarian alone, allege violations of the Investment Company Act, to *wit*, Section 34(b), "Destruction and Falsification of Reports and Records" (Third Claim), and Section 37, "Larceny and Embezzlement" (Fourth Claim). As will be demonstrated below, both claims should be dismissed for failure to state a claim (Rule 12(b)(6)) and for failure to plead with the requisite particularity (Rule 9(b)).

The Third Claim ("Reports and Records") is fatally-deficient because the SEC does not plead this claim with the requisite particularity or allege any actionable misstatement or omission as required under Section 34(b). The Fourth Claim ("Embezzlement" under Section 37) is clearly inapposite, as it speaks exclusively to criminal proceedings and cannot be construed as providing a civil cause of action. Moreover, even assuming, *arguendo*, the statute's applicability to these proceedings, the SEC does not allege the fraudulent conduct or *scienter* necessary to sustain a claim under Section 37. In any event, the Section 37 claim must also be dismissed for

failure to comply with the heightened pleading requirements of Rule 9(b).

## II.  ARGUMENT

### A.  The SEC Cannot Sustain its Third Claim, Under Section 34(b) of the Investment Company Act.

#### i.  The SEC's Claim Under Section 34(b) Fails to Comply With the Heightened Pleading Requirements of Rule 9(b).

As explained in the defendants' Joint Memorandum of law in support of their respective motions to dismiss ("Joint Memorandum"), allegations of securities fraud must be pleaded with particularity. Joint Memorandum, 10-11. Under Rule 9(b), the Complaint must specify which conduct was unlawful, when the conduct allegedly occurred, how the conduct was effectuated, and why the conduct was unlawful. *See SEC v. Tambone*, ___ F. Supp. 2d ___, ___, 2006 WL 488570, * 2 (D. Mass. Jan. 27, 2006).

In its Complaint, the SEC alleges that Durgarian made the false certifications underlying its Section 34(b) claim as part of an overall fraudulent scheme ("Defendants Childs, Crain, Papa, and Durgarian Continue to Cover Up the Scheme"). Complaint, ¶¶ 62-71. In particular, the SEC claims that Durgarian's alleged false certifications served to conceal the defendants' purported fraudulent conduct. Complaint, ¶ 71. Despite alleging these false certifications as part of an overall scheme to defraud, however, the SEC fails to set forth its Section 34(b) claim with the requisite particularity. *See* Fed. R. Civ. P. 9(b).

In pertinent part, the Third Claim alleges only that:

[I]n a registration statement, application, report, account record or other document filed or transmitted pursuant to the Investment Company Act, defendant Durgarian *made untrue statements of material fact and/or omitted to state facts* necessary to prevent the statements made therein, in the light of the circumstances under which they were made, from being materially misleading.

Complaint, ¶ 85 (emphasis supplied). The SEC does not, however, particularize any actionable

- 2 -

omission by Durgarian, nor does it explain with the requisite degree of specificity how or why any alleged certification made by Durgarian was false. *See Tambone, supra*. Given the SEC's utter non-compliance with the stringent requirements of Rule 9(b), the Court should dismiss the Third Claim of the Complaint.

        **ii.    The Complaint Does not Allege Any Untrue Statement of Material Fact or Actionable Omission Under Section 34(b).**

Even aside from the SEC's non-compliance with Rule 9(b), the Section 34(b) claim should also be dismissed because the SEC has not sufficiently alleged that Durgarian's certification is *false*, as required under the statute. *See* 15 U.S.C. § 80a-33(b).[1] Briefly, Section 34(b) prohibits the making of any untrue statement or omission of material fact in any document filed or transmitted pursuant to the Investment Company Act.[2] 15 U.S.C. § 80a-33(b). *SEC v. PIMCO Advisors Fund Mgmt.*, 341 F.Supp.2d 454, 471 (S.D.N.Y. 2004). Here, the SEC predicates its Section 34(b) claim solely upon an allegation that Durgarian "falsely certified" that he had "disclosed to each registrant's auditors and the audit committee of each registrant's board of directors . . . *any fraud*, whether or not material, that involve[d] management or other employees who ha[d] a significant role in each registrant's internal controls." Complaint, ¶ 71

---

[1] 15 U.S.C. § 80a-33(b), entitled "Untrue statements or omissions," states in its entirety:

> It shall be unlawful for any person to make any untrue statement of a material fact in any registration statement, application, report, account, record, or other document filed or transmitted pursuant to this subchapter or the keeping of which is required pursuant to section 80a-30(a) of this title. It shall be unlawful for any person so filing, transmitting, or keeping any such document to omit to state therein any fact necessary in order to prevent the statements made therein, in the light of the circumstances under which they were made, from being materially misleading. For the purposes of this subsection, any part of any such document which is signed or certified by an accountant or auditor in his capacity as such shall be deemed to be made, filed, transmitted, or kept by such accountant or auditor, as well as by the person filing, transmitting, or keeping the complete document.

[2] The "untrue statement of material fact" and omission elements of Section 34(b) "trac[k] the language and interpretation" of Exchange Act Section 10(b) and Rule 10b-5. *SEC v. PIMCO Advisors Fund Mgmt.*, 341 F.Supp.2d 454, 471 (S.D.N.Y. 2004), citing *Saylor v. Lindsley*, 456 F.2d 896, 903 (2d Cir. 1972). The Joint Memorandum discusses these elements in detail. Joint Memorandum, 10-14.

(emphasis supplied).

The Complaint does not, however, sufficiently allege the falsity of this certification. As discussed in detail in the Joint Memorandum, the Complaint does not aver that any one or more of: PFTC's failure to invest the Cardinal Funds on January 2, 2001; the alleged accounting adjustments; or the alleged "as-of" trades were "clearly illegal," as required to demonstrate a fraudulent scheme. Joint Memorandum, 16-17. Without having sufficiently alleged any underlying fraudulent conduct by PFTC or its employees, the SEC cannot sufficiently allege – and has not sufficiently alleged – any false certification under Section 34(b). The Third Claim must therefore be dismissed.

> **B.      The SEC Cannot Sustain its Fourth ("Embezzlement") Claim, Under Section 37 of the Investment Company Act.**
>
> > **i.      Where Section 37 Speaks to Solely to Criminal Conduct and Criminal Penalties, it is a Criminal Statute and thus Provides no Civil Cause of Action.**

Unlike every other provision of the Investment Company Act, Section 37 explicitly – and exclusively – provides a criminal cause of action. 15 U.S.C. § 80a-36(b). *United States v. Brashier*, 548 F.2d 1315, 1321 (9th Cir. 1976) (identifying Section 37 as the only section of the Investment Company Act containing "specific language to indicate when a proscribed act will constitute a criminal offense"). Section 37 ("Larceny and Embezzlement") states in its entirety:

> Whoever steals, unlawfully abstracts, unlawfully and willfully converts to his own use or to the use of another, or embezzles any of the moneys, funds, securities, credits, property, or assets of any registered investment company *shall be deemed guilty of a crime*, and *upon conviction* thereof shall be subject to the penalties provided in section 80a-48 of this title.[3] A judgment of *conviction* or *acquittal* on the merits under the laws of any State shall be a bar to any prosecution under this section for the same act or acts.

15 U.S.C. § 80a-36(b) (emphasis supplied).

---

[3] 15 U.S.C. § 80a-48 provides for a fine of up to $10,000 or *imprisonment* up to five years for the *willful* violation of any provision of the Investment Company Act.

Because Section 37 of the Investment Company Act is a criminal statute, it cannot and does not create a civil cause of action or civil remedies. 15 U.S.C. § 80a-36(b); *Mann v. Kemper Fin. Companies, Inc.*, 618 N.E.2d 317, 329 (Ill. App. Ct. 1993) ("Section 37 clearly establishes that certain conduct is criminal and does not provide for a civil cause of action or for a civil remedy"). Application of the rules of statutory construction to the language and construct of Section 37 compels this conclusion. *See Transamerica Mortgage Advisors, Inc. v. Lewis*, 444 U.S. 11, 15 (1979); *see Touche Ross & Co. v. Redington*, 442 U.S. 560, 568 (1979), citing *Cannon v. Univ. of Chicago*, 441 U.S. 677, 688 (1979). Where a statute's language is clear and unambiguous, courts must look to the statute's text and give its words their plain meaning. *BedRoc Ltd., LLC v. United States*, 541 U.S. 176, 183 (2004) (citations omitted). In short, courts may "presume that [the legislature says in a statute what it means and means in a statute what it says." *Id.*, quoting *Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 253-54 (1992).[4]

To give appropriate meaning to the unequivocal language that individuals be "deemed guilty of a *crime*" and punished "upon *conviction*," the Court must interpret Section 37 as providing solely a criminal cause of action.[5] 15 U.S.C. § 80a-36(b) (emphasis supplied). Given the statute's clear and unambiguous language, any construction encompassing a *civil* cause of action would be directly contrary to canons of statutory interpretation and congressional intent.[6]

---

[4] Indeed, research has uncovered no First Circuit case recognizing the application of Section 37 in a civil context.

[5] Congressional enactment of statutes *criminalizing* other forms of embezzlement further demonstrates the criminal nature of Section 37. *See, e.g.* 18 U.S.C. § 641 (2004) (embezzlement of public money, property, or records); 18 U.S.C. § 656 (1996) (embezzlement by bank officers or employees); 18 U.S.C. § 664 (1994) (embezzlement from employee benefit plans). 18 U.S.C. § 666(a)(1)(A) (1994) (embezzlement concerning programs receiving federal funds); 29 U.S.C. § 501(c) (1959) (embezzlement concerning labor organizations).

[6] Because Section 37 is a criminal statute, any prosecution of Durgarian thereunder in these proceedings would deprive him of the protections afforded defendants in criminal proceedings and would therefore violate his constitutional right to due process of the law. *See, e.g., Apprendi v. New Jersey*, 530 U.S. 466, 466 (2000) (jury determination beyond a reasonable doubt as to every element of crime); *see, e.g., Ex parte Wall,* 107 U.S. 265, 297 (1883) (indictment by grand jury).

*United States v. Ven-Fuel, Inc.*, 758 F.2d 741, 751-52 (1st Cir. 1985) ("words and provisions of statutes are intended to have meaning and are to be given effect, and no construction should be adopted which would render statutory words or phrases meaningless, redundant or superfluous"). The Fourth Claim asserts a criminal cause of action and has no place in this civil proceeding. It should therefore be dismissed.

> ii. **Even Assuming, *Arguendo*, Section 37 is Cognizable in This Civil Action, the SEC Fails to Allege Conduct Sufficient to Make Out a Claim for Embezzlement Under Section 37.**

Even assuming, *arguendo*, that Section 37 is cognizable in a civil proceeding, the SEC still falls short of alleging the elements necessary to sustain its claim. *See United States v. Young*, 955 F.2d 99, 102 (1st Cir. 1992); *see Tanzier v. Huffines*, 314 F.Supp. 189, 194 (D. Del. 1970); *see Brown v. Bullock*, 294 F.2d 415, 419 (2d Cir. 1961). Section 37 addresses larceny, embezzlement, and unlawful conversion-type offenses. 15 U.S.C. § 80a-36(b). Section 37 "embezzlement" encompasses the "fraudulent conversion of property of another by one who is already in lawful possession of it." *See Young*, 955 F.2d at 102, quoting WAYNE R. LAFAVE & AUSTIN W. SCOTT, JR., SUBSTANTIVE CRIMINAL LAW, § 8.6 at 368 (1986) (defining the term "embezzlement"). Section 37 "conversion" includes the "misuse or abuse of property." *Brown*, 294 F.2d at 419, citing *Morissette v. United States*, 342 U.S. 246, 271 (1952) (defining "conversion" as the "use in an unauthorized manner or to an unauthorized extent of property placed in one's custody for limited use"); *Tanzier*, 314 F.Supp. at 194.

The few reported cases applying Section 37 to civil proceedings make clear that "a complaint does not allege a violation of Section 37 *unless its substance would support an indictment*." *Cambridge Fund, Inc. v. Abella*, 501 F.Supp. 598, 629 (S.D.N.Y. 1980), quoting *Brown*, 294 F.2d at 419 (emphasis supplied); *see also Tanzier*, 314 F.Supp. at 194. The few

cases imposing Section 37 liability *all* satisfy this stringent standard, as they each involve some form of clearly illegal conduct.  *See, e.g.*, *SEC v. Lawbaugh*, 359 F.Supp.2d 418, 421 (D. Md. 2005) (diversion of funds via sham transactions); *see, e.g.*, *SEC v. Commonwealth Chem. Sec.*, 410 F.Supp. 1002, 1019 (S.D.N.Y. 1976) (artificially inflating stock price in order to "dum[p]" watered-securities on fund); *see, e.g.*, *Tanzier*, 314 F.Supp. at 194 (excessive salaries and bonuses by fund managers).

Here, by contrast, the SEC does not – because it cannot – allege facts necessary to support an indictment.  *Compare Lawbaugh*, 359 F.Supp.2d at 421; *compare Commonwealth Chem. Sec.*, 410 F.Supp. at 1019.  Indeed, despite an opportunity to do so, the SEC does not even allege that the conduct underlying its Section 37 claims, namely, the alleged "as-of" transactions and accounting adjustments, were "clearly illegal" or fraudulent.  Complaint ¶¶ 38 and 57 (describing "as-of" trades as "typically used at PFTC to correct trading errors" and characterizing alleged accounting adjustments as "unwarranted and inappropriate").  As discussed in the Joint Memorandum, the SEC has failed to sufficiently allege the fraudulent nature of the conduct underlying its Section 37 claim.  Joint Memorandum, 16-17.  *A fortiori*, such conduct cannot sufficiently support an indictment under Section 37.  *Cf. Tambone*, 2006 WL 488570 at * 8 ("defect in SEC's allegations is that market timing arrangements are not the kind of sham transactions which have been held to qualify as schemes to defraud").  Accordingly, the Court should dismiss the Fourth Claim of the Complaint.[7]

>    iii.    **The SEC's Fourth Claim Also Fails to Comply With the Heightened Pleading Requirements of Rule 9(b).**

Again, allegations of fraud must be pled with particularity.  Joint Memorandum, 2-3.

---

[7] To conclude otherwise, would arguably expose any individual involved in "as-of" trades and accounting adjustments – widely-accepted industry practices – to criminal liability.

With regard to pleading *scienter*, the SEC must "state with particularity the facts giving rise to a strong inference that the defendant acted with the requisite state of mind." *Garvey v. Arkoosh*, 354 F.Supp.2d 73, 81 (D. Mass. 2005), citing 15 U.S.C. § 78u-4(b)(3)(A).

Because an embezzlement claim fundamentally speaks to fraud, a Section 37 claim must be pleaded with particularity. *See* Fed. R. Civ. P. 9(b); *see Young*, 955 F.2d at 102. Here, however, the SEC simply alleges that Durgarian, "stole, unlawfully abstracted, unlawfully and willfully converted to his own use or the use of another, embezzled moneys, funds, securities, credits, property, or assets of one or more registered investment companies." Complaint, ¶ 88. The Complaint does not specify which "moneys" or "property" Durgarian allegedly "stole," "abstracted," or "converted," when, how, or for whose use Durgarian allegedly "stole," "abstracted," or "converted" the property.

Last, the Complaint fails to allege any facts meriting the requisite "strong inference" that Durgarian acted "knowingly and willfully" as required under Section 37. *Cambridge Fund, Inc.*, 501 F.Supp. at 629; *see Garvey*, 354 F.Supp.2d at 81. On these additional grounds, the Court should dismiss the Fourth (embezzlement) Claim.

### III.  CONCLUSION

For the foregoing reasons the Third and Fourth Counts of the Complaint should be dismissed.

Respectfully submitted,
KARNIG H. DURGARIAN, JR.

/s/ Frank A. Libby
Frank A. Libby (BBO No. 299100)
Sharon Lahey (BBO No. 662804)
Kelly, Libby & Hoopes, P.C.
175 Federal Street
Boston, MA  02110
Tel:  (617) 338-9300

Dated: March 31, 2006

## **CERTIFICATE OF SERVICE**

      I, Frank A. Libby, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 31st day of March, 2006.

                                                 /s/ Frank A. Libby
                                                Frank A. Libby