UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>　　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>KARNIG H. DURGARIAN, JR., et. al.,<br><br>　　　　　　　　　　Defendants. | )<br>)<br>)<br>)<br>)　No. 05-12618 (NMB)<br>)<br>)　**ORAL ARGUMENT REQUESTED**<br>)<br>)<br>)<br>) |

**DEFENDANT KARNIG H. DURGARIAN'S REPLY TO SEC'S MEMORANDUM IN OPPOSITION TO HIS MOTION TO DISMISS COMPLAINT**

Defendant Karnig H. Durgarian, Jr. ("Durgarian") respectfully submits this Reply to the Securities and Exchange Commission's ("SEC") Opposition to his Motion to Dismiss Complaint ("Opp."). Durgarian addresses the SEC's arguments that are common to all defendants in Defendants' Joint Reply to the SEC's Memorandum in Opposition to Their Motions to Dismiss ("Joint Reply"). This memorandum addresses the SEC's arguments and claims that are exclusive to Durgarian.

**I.　ARGUMENT**

　　**A.　Durgarian Did Not Breach Any Independent Duty to Disclose.**

To establish omission liability under Rule 10b-5, the SEC claims that Durgarian owed a duty to disclose material facts to the funds as principal executive officer to the funds. Opp. at 16. As explained in the Joint Memorandum of law in Support of Motions to Dismiss by all defendants (at 13-14), the SEC has not sufficiently alleged the materiality of the defendants' purported conduct. Given this deficiency, there can be no breach of any purported duty to disclose material information by Durgarian.

The SEC's duty to disclose argument also fails because the SEC alleges that Durgarian's duty to disclose arose in January 2002. Opp. at 16. The SEC claims that the alleged fraudulent conduct occurred in January 2001. Complaint at ¶¶ 1-4. The SEC cites no authority for the proposition that Durgarian had a duty to disclose all material facts, including those existing prior to the time his purported duty of disclosure even arose. Again, the SEC presents a sweeping duty of disclosure, this time seeking to impose a duty to disclose any material facts relating to a fund, including facts preceding the existence of any duty to disclose. *See* Joint Reply at 2. Controlling case law and attendant policy considerations clearly do not support the SEC's expansive view of disclosure obligations. *See id.* The Court should dismiss the SEC's claims premised on omission liability.

### B.     Durgarian Did Not Make Any Material Misstatement.

Having failed to sufficiently plead any material misstatement in its Complaint, the SEC now attempts to equate certifications by Durgarian with misstatements of material facts giving rise to liability under Sections 10(b) and 17(a). *See* Opp. at 16-17. According to the SEC, Durgarian materially misrepresented that he had "disclosed to each registrant's auditors and the audit committee of each registrant's board of directors . . . *any fraud*, whether or not material, that involve[d] management or other employees who ha[d] a significant role in each registrant's internal controls."[1] Complaint, ¶ 71 (emphasis supplied).

---

[1] These same certifications serve as the basis for the SEC's claim under Section 34(a). For this reason, the Memorandum of Law in Support of Defendant Karnig H. Durgarin's Motion to Dismiss the Third and Fourth Claims of the Complaint also addresses the SEC's failure to establish the falsity of these certifications. *Id.* at 4.

As discussed at length in the Joint Memorandum of law in Support of Motions to Dismiss by all defendants (at 15-18) and in the Memorandum of law in Support of Defendant Karnig H. Durgarian's Motion to Dismiss the Third and Fourth Claims of the Complaint (at 4), the SEC has not sufficiently pled any fraudulent conduct by the defendants. Absent allegations of fraud, the SEC has not alleged the falsity of Durgarian's certifications. The SEC's claims premised upon material misstatements must therefore be dismissed.

### C. Case Law Does Not Support a Civil Cause of Action Under Section 37.

The SEC relies primarily on outdated case law when it asserts that "numerous courts" recognize a civil cause of action under Section 37 of the Investment Company Act ("ICA"). Opp. at 41. In 2001, the Supreme Court diverged from precedent by holding that courts should no longer imply private rights of action to effectuate a statute's purpose. *Alexander v. Sandoval*, 532 U.S. 275, 286-87 (2001). The First Circuit has acknowledged that the Supreme Court's decision "changed the legal landscape" by calling into doubt private causes of action under the ICA. *Bonano v. East Caribbean Airline Corp.*, 365 F.3d 81, 86 n.4 (2004); *see Forsythe v. Sun Life Financial, Inc.*, 417 F. Supp. 2d 100 at 108 (D. Mass. 2006) ("plaintiffs' reliance on outdated precedent should be rejected in light of more recent guidance").

Not surprisingly, courts have retreated from the once liberal attitude toward private claims under the ICA by divesting private litigants of pre-existing rights under the ICA. *Forsythe*, 417 F. Supp. 2d 100, 107-08 (no private cause of action under Sections 34(b), 36(a), 48(a)); *Yameen v. Eaton Vance Distributors, Inc.*, 394 F. Supp. 2d 350, 352 n.1 (D. Mass. 2005) (no private right of action under Sections 36(a)); *Stegall v. Ladner*,

394 F. Supp. 2d 358, 367-68 (D. Mass. 2005) (no private right of action under Section 36(a) even though "nearly every circuit" implied a right prior to the Supreme Court's decision in *Sandoval*).

As to Section 37 in particular, no court in the First Circuit has ever found a private cause of action under this section of the ICA. Indeed, doubt as to a private cause of action under Section 37 predated the *Sandoval* decision. *Mullin & Associates, Inc. v. Bassett*, 632 F. Supp. 532, 538 (D. Del. 1986) (noting trend in Supreme Court jurisprudence, court called into doubt the once liberal attitude of courts in implying a private right of action under Section 37). Given the recent restriction of private rights of action under the ICA, the SEC's reliance on outdated case law for the proposition that Section 37 provides a civil cause of action is not persuasive and should be rejected.

Disregarding the outdated actions involving private litigants, only three of the "numerous courts" finding a civil cause of action under Section 37 remain. *SEC v. Lawbaugh*, 359 F. Supp. 2d 418, 422 (D. Md. 2005); *SEC v. Commonwealth Chemical Securities*, 410 F. Supp. 1002, 1018 (S.D.N.Y. 1976), *aff'd in part & modified on other grounds*, 574 F.2d 90, 102 (2d Cir.1978); *SEC v. Carnicle*, 1:95-CV-110(C), slip. op. at 5 (N.D. Utah. 1999). Of these three, the only case to expressly find that Section 37 provides a civil cause of action was decided thirty years ago amidst a very liberal, and outdated, attitude toward causes of action under the ICA. *Commonwealth Chemical Securities*, 410 F.Supp. at 1018. This case has neither been cited nor followed on this point by any court since.

Moreover, the defendants in these cases did not raise, and the courts did not address, the constitutional concerns and issues of statutory interpretation that Durgarian

4

raises here.  *See* Memorandum of law in Support of Defendant Karnig H. Durgarian's Motion to Dismiss the Third and Fourth Claims of the Complaint at 4-6.  Allowing the SEC to enforce what is essentially a criminal statute would conflict with the statutory language clearly speaking to criminal conduct and raise serious constitutional concerns.  *See id.*  As a matter of first impression in the First Circuit, the Court should dismiss the SEC's Section 37 claim.

## II.    CONCLUSION

For the reasons stated above, and in the Defendants' Joint Reply to the SEC's Memorandum in Opposition to Their Motions to Dismiss, the Joint Memorandum of Law in Support of Motions to Dismiss by all defendants, and in the Memorandum of Law in Support of Karnig H. Durgarian, Jr.'s Motion to Dismiss the Third and Fourth Claims of the Complaint, the Court should dismiss all counts of the SEC's Complaint.

                                              Respectfully submitted,

                                              KARNIG H. DURGARIAN, JR.

                                              /s/ Frank A. Libby
                                              Frank A. Libby (BBO No. 299100)
                                              Sharon Lahey (BBO No. 662804)
                                              Kelly, Libby & Hoopes, P.C.
                                              175 Federal Street
                                              Boston, MA  02110
                                              Tel:  (617) 338-9300

Dated: June 30, 2006

## **CERTIFICATE OF SERVICE**

      I, Sharon Lahey, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 30th day of June, 2006.

                                                                    /s/ Sharon Lahey
                                                                    Sharon Lahey