UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

KARNIG H. DURGARIAN, JR.,
DONALD F. McCRACKEN, RONALD B. HOGAN,
VIRGINIA A. PAPA, KEVIN F. CRAIN and
SANDRA G. CHILDS,

Defendants.

CIVIL ACTION NO.:  05-CA-12618 NMG

**DEFENDANT, DONALD F. MCCRACKEN'S ANSWER TO THE COMPLAINT**

The defendant Donald F. McCracken (the "defendant" or "McCracken") hereby responds to the allegations of the complaint filed in this matter (the "Complaint").

1.    Denied.

2.    Defendant is without information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the complaint ("Without Information") and calls on plaintiff to prove them.

3.    To the extent the allegations of paragraph 3 of the Complaint refer to McCracken they are denied.  Defendant is Without Information with respect to the allegations concerning the other defendants.

4.    Paragraph 4 states a conclusion of law and requires no answer.  To the extent an answer is required, defendant denies the allegations with respect to himself and is Without Information with respect to the other defendants.

5.    Defendant denies that allegations contained in the first sentence of paragraph 5 of the Complaint as they apply to him and is Without Information with respect to the other

defendants. The remainder of the paragraph requires no answer but are denied to the extent that an answer is required.

6.      Paragraph 6 of the Complaint states conclusions of law and requires no answer.

7.      Paragraph 7 calls for a conclusion of law and requires no answer. To the extent an answer is required, defendant is Without Information.

8.      Paragraph 8 of the Complaint characterizes the content and purpose of the Complaint and states a conclusion of law and requires no answer. To the extent response is required, the allegations are denied.

9.      The first sentence of paragraph 9 is admitted to the extent the relevant period is January 2001. Defendant is Without Information with respect to the other allegations contained in paragraph 9.

10.      Admitted, to the extent that the relevant period is in or about January 2001.

11.      Admitted to the extent that the relevant period is in or about January 2001. Otherwise, Without Information.

12.      Admitted to the extent that the relevant period is in or about January 2001. Otherwise, Without Information.

13.      Admitted to the extent that the relevant period is in or about January 2001. Otherwise, Without Information.

14.      Admitted to the extent that the relevant period is in or about January 2001. Otherwise, Without Information.

15.      Admitted with respect to the period prior to January 2002. Without Information thereafter.

16.     Admitted that Putnam Research Fund was a Massachusetts business trust and prior to January 2002 was an investment company registered with the Commission. Otherwise, Without Information.

17.     Admitted that George Putnam Fund of Boston was a Massachusetts business trust  prior to January 2002 and was an investment company registered with the Commission. Otherwise, Without Information.

18.     Admitted that Putnam Asset Allocation Fund was a Massachusetts business trust and prior to January 2002 was an investment company registered with the Commission. Otherwise, Without Information.

19.     Without Information.

20.     Admitted except that the NAV is computed by dividing the total value of net assets by the number of shares outstanding.

21.     Admitted for the period prior to January 2002.  Otherwise, Without Information.

22.     Admitted for the period prior to January 2002, except that the last sentence of the paragraph states a conclusion of law and requires no answer.  Otherwise, Without Information.

23.     Admitted for the period prior to January 2002.  Otherwise, Without Information.

24.     Without Information.

25.     Without Information.

26.     The first sentence of paragraph 26 states a conclusion of law and requires no answer.  Without Information as to the remaining allegations of paragraph 26.

27.     Without Information.

28.     Without Information.

29.     Without Information.

3

30.    Without Information.

31.    Without Information.

32.    Without Information.

33.    Without Information.

34.    Without Information.

35.    Without Information.

36.    Without Information.

37.    Without Information.

38.    Admitted that "as of" trades include backdated purchases or sales of securities, and they are used, for among other purposes, to correct errors.  Further answering, "as of" trades are common occurrences.

39.    Admitted with respect to the first three sentences of paragraph 39.  The allegations set forth in the last sentence of the paragraph are admitted to the extent that the last sentence refers to the hypothetical facts set out in the 3rd sentence.  Otherwise, the last sentence is denied.

40.    Admitted that there was a policy with respect to as of trades.  Without Information as to the other allegations of paragraph 40.

41.    McCracken admits that he was aware of the existence of an as of trade policy but is Without Information as to the remaining allegations in paragraph 41.

42.    Without Information.

43.    Defendant denies agreeing to any improper plan or engaging in discussion to hide losses. Without Information as to the remaining allegations.

44.     Defendant denies agreeing to any transactions for the purpose of covering –up or concealing anything. Without Information as to the remaining allegations.

45.     To the extent the allegations in paragraph 45 refer to McCracken, they are denied. Defendant is Without Information to the extent the allegations refer to the other defendants.

46.     To the extent the allegations in paragraph 46 refer to McCracken, they are denied. Defendant is Without Information to the extent the allegations refer to the other defendants.

47.     Without Information.

48.     To the extent the allegations in paragraph 48 refer to McCracken, they are denied. Defendant is Without Information to the extent the allegations refer to the other defendants.

49.     Without Information.

50.     To the extent the allegations in paragraph 49 refer to McCracken, they are denied. Defendant is Without Information to the extent the allegations refer to the other defendants.

51.     Without Information.

52.     Defendant denies engaging in discussions to hide losses.  Without Information as to the remaining allegations in paragraph 52.

53.     Admitted.

54.     Defendant denies engaging in any effort to conceal dilution in NAV caused by "as of trades" and is Without Information as to the remaining allegations of paragraph 54.

55.     Defendant denies giving any improper direction to any employee and is Without Information as to the allegations of paragraph 55.

56.     Without Information.

57.     Without Information.

58.     Without Information.

59.     Without Information.

60.     Without Information.

61.     Without Information.

62.     Without Information.

63.     Admit that Childs was head of the compliance department in January of 2001. Without Information as to the remaining allegations in paragraph 63.

64.     Without Information.

65.     Defendant denies participating in a fraudulent scheme.  Without Information with respect to the remaining allegations contained in paragraph 65.

66.     Without Information.

67.     Defendant denies participating in a fraudulent scheme.  Without Information with respect to the remaining allegations contained in paragraph 67.

68.     Without Information.

69.     Defendant denies participating in a fraudulent scheme.  Without Information with respect to the remaining allegations contained in paragraph 69.

70.     Without Information.

71.     Without Information.

72.     Without Information.

73.     Defendant admits that in or about 2004, Putnam purported to retroactively terminate him for cause but is Without Information with respect to the remaining allegations contained in paragraph 73.

74.     Without Information.

75.     Denied.

## FIRST CLAIM

### (Violation of Exchange Act Section 10(b) and Exchange Act Rule 10b-5 Against All Defendants)

76.     Defendant incorporates by reference his answers to paragraphs 1-75 of the Complaint.

77.     To the extent that the allegations of paragraph 77 refer to McCracken, he denies them. To the extent that they refer to the other defendants, he is Without Information.

78.     To the extent that the allegations of paragraph 78 refer to McCracken, he denies them. To the extent that they refer to the other defendants, he is Without Information.

79.     To the extent that the allegations of paragraph 79 refer to McCracken, he denies them. To the extent that they refer to the other defendants, he is Without Information.

## SECOND CLAIM

### (Violation of Securities Act Section 17(a) Against All Defendants)

80.     Defendant incorporates by reference his answers to paragraphs 1-79 of the Complaint.

81.     To the extent that the allegations of paragraph 81 refer to McCracken, he denies them. To the extent that they refer to the other defendants, he is Without Information.

82.     To the extent that the allegations of paragraph 82 refer to McCracken, he denies them. To the extent that they refer to the other defendants, he is Without Information.

83.     To the extent that the allegations of paragraph 83 refer to McCracken, he denies them. To the extent that they refer to the other defendants, he is Without Information.

## THIRD CLAIM

### (Violation of Investment Company Act Section 34(b) Against Defendant Durgarian)

84.     Defendant incorporates by reference his answers to paragraphs 1-83 of the Complaint.

85.     Without Information.

86.     Without Information.

## FOURTH CLAIM

(Violation of Investment Company Act Section 37 Against Defendant Durgarian)

87.     Defendant incorporates by reference his answers to paragraphs 1-86.

88.     Without Information.

89.     Without Information.

## FIFTH CLAIM

(Aiding and Abetting PFTC's Uncharged Violations of Exchange Act Section 10(b) and
Exchange Act Rule 10b-5 Against All Defendants)

90.     Defendant incorporates by reference his answers to paragraphs 1-89 of the
Complaint.

91.     Paragraph 91 states a conclusion of law and requires no answer.  Moreover, the
cited provisions speak for themselves.

92.     Without Information.

93.     To the extent that the allegations of paragraph 93 refer to McCracken, he denies
them.  To the extent that they refer to the other defendants, he is Without Information.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

### First Defense

The Complaint fails to state, in whole or in part, a claim on which relief can be granted.

### Second Defense

The Plaintiff's claims are barred, in whole or in part, because the plaintiff cannot prove
materiality.

### Third Defense

The plaintiff's claims are barred, in whole or in part, because the plaintiff cannot prove scienter.

### Fifth Defense

The plaintiff's claims are barred, in whole or in part, because defendant acted in good faith.

### Sixth Defense

The plaintiff's claims are barred, in whole or in part, because defendant acted in reliance on others.

### Seventh Defense

The harm alleged in the Complaint is the result of persons or entities for whom defendant is not responsible.

### Eighth Defense

The harm alleged in the Complaint is the result of circumstances over which defendant had no control and for which defendant is not responsible.

### Ninth Defense

The complaint should be dismissed because it fails to comply with the requirements of Fed. R. Civ. P. 9(b).

### Tenth Defense

The complaint should be dismissed to the extent that other parties did not have the requisite scienter.

### Eleventh Defense

The claims should be barred by the doctrine of laches and by applicable statute of limitations.

## Twelfth Defense

Plaintiff's claims must fail because defendant had no duty to disclose and therefore did not make any material omissions.

## Thirteenth Defense

Plaintiff's Complaint should be dismissed because defendant did not make any material misstatements.

## Fourteenth Defense

The Complaint should be dismissed because there was no scheme to defraud, concealment, or cover-up, and the "as of" transactions referenced are not illegal per se.

## Fifteenth Defense

The Second Claim should be dismissed because defendant was not a seller of securities and the conduct complained of was not "in the offer or sale of securities."

## Sixteenth Defense

Defendant reserves his right to amend this Answer to add any matters that may constitute an additional or affirmative defense.

WHEREFORE, defendant respectfully requests that this Honorable Court:

1.     Enter judgment in favor of McCracken on all claims in the Complaint that are alleged against him;

2.     Award McCracken his costs and fees to the extent provided by law; and

3.      Enter such further relief in favor of McCracken as this Court deems just.

Defendant demands trial by jury on all issues so triable.

DONALD MCCRACKEN
By his attorneys,


/s/ Gary S. Matsko
Gary S. Matsko
BBO # 324640
**DAVIS MALM & D'AGOSTINE, P.C.**
One Boston Place
Boston, MA  02108
(617) 367-2500


Dated:  April 27, 2007

11

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>KARNIG H. DURGARIAN, JR.,<br>DONALD F. McCRACKEN, RONALD B. HOGAN,<br>VIRGINIA A. PAPA, KEVIN F. CRAIN and<br>SANDRA G. CHILDS,<br><br>Defendants. | CIVIL ACTION NO.:  05-CA-12618 NMG |

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent

electronically to the registered participants as identified on the Notice of Electronic Filing (NEF)

and paper copies will be sent to those indicated as non-registered participants on this 27th day of

April, 2007.

/s/ Gary S. Matsko
Gary S. Matsko

396369v.1