UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                )
SECURITIES AND EXCHANGE                         )
COMMISSION                                      )
                          Plaintiffs,           )
                                                )
            v.                                  )      No. 05-CA-12618-NMG
                                                )      JURY TRIAL
KARNIG H. DURGARIAN, JR.,                        )      DEMANDED
DONALD F. McCRACKEN, and                        )
RONALD B. HOGAN,                                 )
                                                )
                          Defendants.           )
_____)

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT KARNIG H. DURGARIAN, JR.

Defendant Karnig H. Durgarian, Jr. ("Durgarian"), through his undersigned

counsel, answers the allegations set forth in Plaintiff Security and Exchange

Commission's Complaint as follows:

1.      Durgarian denies the allegations in Paragraph 1 of the Complaint.

2.      Durgarian is without knowledge or information sufficient to form a belief

as to the allegations contained in Paragraph 2 of the Complaint.

3.      To the extent such allegations are directed at him individually, Durgarian

denies the allegations contained in Paragraph 3 of the Complaint.  Durgarian is without

knowledge or information sufficient to form a belief as to the remaining allegations

contained in Paragraph 3 of the Complaint.

4.      Paragraph 4 of the Complaint states legal conclusions as to which no

response is required.  To the extent a response is required, and to the extent such

allegations are directed at him individually, Durgarian denies the allegations contained in Paragraph 4 of the Complaint.  Durgarian is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 4 of the Complaint.

5.      Paragraph 5 of the Complaint states legal conclusions as to which no response is required.  To the extent a response is required, Durgarian denies the allegations contained in Paragraph 5 of the Complaint.

6.      Paragraph 6 of the Complaint states legal conclusions as to which no response is required.

7.      Paragraph 7 of the Complaint states legal conclusions as to which no response is required.  To the extent a response is required, Durgarian is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 7 of the Complaint.

8.      Paragraph 8 of the Complaint states legal conclusions as to which no response is required.  To the extent a response is required, Durgarian denies the allegations contained in Paragraph 8 of the Complaint.

9.      To the extent the words "relevant period" refer to in or about January 2001, Durgarian admits the allegations contained in the first four sentences of Paragraph 9 of the Complaint.  The last sentence of Paragraph 9 of the Complaint contains a legal conclusion as to which no response is required.

10.     To the extent the words "relevant period" refer to in or about January 2001, Durgarian admits the allegations contained in Paragraph 10 of the Complaint.

11.     To the extent the words "relevant period" refer to in or about January 2001, Durgarian admits the allegations contained in Paragraph 11 of the Complaint.

12.     To the extent the words "relevant period" refer to in or about January 2001, Durgarian admits the allegations contained in Paragraph 12 of the Complaint, except that Durgarian is without knowledge or information sufficient to form a belief as to where Defendant Papa resides.

13.     To the extent the words "relevant period" refer to in or about January 2001, Durgarian admits the allegations contained in Paragraph 13 of the Complaint, except that Durgarian is without knowledge or information sufficient to form a belief as to where Defendant Crain resides.

14.     To the extent the words "relevant period" refer to in or about January 2001, Durgarian admits the allegations contained in Paragraph 14 of the Complaint, except that Durgarian is without knowledge or information sufficient to form a belief as to where Defendant Childs resides.

15.     Durgarian admits the allegations contained in the first and third sentences of Paragraph 15 of the Complaint.  Durgarian is without knowledge or information sufficient to form a belief as to the allegations contained in the second and last sentences of Paragraph 15 of the Complaint.

16.     Durgarian admits that the Putnam Research Fund is a Massachusetts business trust and is an open-end management investment company registered with the Commission.  Durgarian denies the remaining allegations contained in Paragraph 16 of the Complaint.

17.     Durgarian admits the allegations contained in Paragraph 17 of the Complaint.

18.     Durgarian admits the first two sentences of Paragraph 18 of the Complaint.  Durgarian further admits that the three funds of the Putnam Asset Allocation Funds were the Putnam Asset Allocation Fund: Growth Portfolio; the Putnam Asset Allocation Fund: Balanced Portfolio; and the Putnam Asset Allocation Fund: Conservative Portfolio.

19.     Durgarian admits that Cardinal Health, Inc. is a health care company. Durgarian is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 19 of the Complaint.

20.     Durgarian admits the allegations contained in the first two sentences of Paragraph 20 of the Complaint.  As to the last sentence of Paragraph 20 of the Complaint, Durgarian admits that a fund's NAV is generally calculated once a day and is determined by dividing the total value of the net assets by the number of outstanding shares in the mutual fund's portfolio as of the close of the markets.

21.     Durgarian admits the allegations contained in Paragraph 21 of the Complaint.

22.     Durgarian admits the allegations contained in the first sentence of Paragraph 22 of the Complaint.  The last sentence of Paragraph 22 of the Complaint contains a legal conclusion as to which no response is required.

23.     Durgarian admits the allegations contained in Paragraph 23 of the Complaint.

24.     Durgarian is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 24 of the Complaint.

25.     Durgarian is without knowledge or information sufficient to form a belief as to the allegations contained in the first two sentences of Paragraph 25 of the Complaint.  Durgarian admits only that assets were placed in trust and PFTC served as trustee of a <u>directed</u> trust consisting of all assets of the Combined Plan in the custody of PFTC, and PFTC was designated as directed trustee of the trust.

26.     The first sentence of Paragraph 26 states a legal conclusion as to which no response is required.  Durgarian admits the allegations contained in the second sentence of Paragraph 26.  As to the third sentence of Paragraph 26, Durgarian admits only that PFTC acted as directed by the Combined Plan regarding the Combined Plan's assets, including purchasing, selling, exchanging, converting and otherwise trading securities as directed by the Combined Plan.

27.     Durgarian is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 27 of the Complaint.

28.     Durgarian is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 28 of the Complaint.

29.     Durgarian is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 29 of the Complaint.

30.     Durgarian is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 30 of the Complaint.

31.     Durgarian is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 31 of the Complaint.

32.     Durgarian is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 32 of the Complaint.

33.     Durgarian is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 33 of the Complaint.

34.     Durgarian is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 34 of the Complaint.

35.     Durgarian is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 35 of the Complaint.

36.     Durgarian is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 36 of the Complaint.

37.     Durgarian is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 37 of the Complaint.

38.     Durgarian admits only that "as of" trades include backdated purchases or sales of securities, and are used, among other purposes, to correct errors.  Durgarian further admits that "as of" trades are common occurrences.  Durgarian is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 38 of the Complaint.

39.     Durgarian admits the allegations contained in the first two sentences of Paragraph 39 of the Complaint.  Durgarian admits the allegations contained in the remaining sentences of Paragraph 39 of the Complaint, but only to the extent that the last sentence relates to the example stated in the third sentence of Paragraph 39.

40.     Durgarian denies the allegations contained in Paragraph 40 of the Complaint.

41.     To the extent such allegations are directed at him individually, Durgarian denies the allegations contained in Paragraph 41 of the Complaint.  Durgarian is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 41 of the Complaint.

42.     Durgarian admits that he attended one or more meetings on January 5, 2001.  Durgarian is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 42 of the Complaint.

43.     Durgarian admits that he attended one or more meetings on January 5, 2001.  Durgarian denies the remaining allegations contained in Paragraph 43 of the Complaint.

44.     Durgarian denies the allegations contained in Paragraph 44 of the Complaint.

45.     Durgarian is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 45 of the Complaint.

46.     Durgarian is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 46 of the Complaint.

47.     Durgarian is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 47 of the Complaint.

48.     Durgarian is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 48 of the Complaint.

49.     Durgarian is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 49 of the Complaint.

50.     Durgarian denies the allegations contained in Paragraph 50 of the Complaint.

51.     To the extent such allegations are directed at him individually, Durgarian denies the allegations contained in Paragraph 51 of the Complaint.  Durgarian is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 51 of the Complaint.

52.     Durgarian admits that he attended one or more meetings on January 5, 2001.  Durgarian denies the remaining allegations contained in Paragraph 52 of the Complaint.

53.     Durgarian is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 53 of the Complaint.

54.     Durgarian admits that he attended one or more meetings on January 5, 2001.  Durgarian denies the allegations contained in the second and third sentences of Paragraph 54 of the Complaint.

55.     Durgarian is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 55 of the Complaint.

56.     Durgarian is without knowledge or information sufficient to form a belief as to the allegations contained in the first two sentences of Paragraph 56.  Durgarian denies the allegations contained in the last sentence of Paragraph 56 of the Complaint.

57.     Durgarian denies the allegations contained in the first sentence of Paragraph 57 of the Complaint.  Durgarian is without knowledge or information sufficient to form a belief as to the last sentence of Paragraph 57 of the Complaint.

58.     Durgarian admits that he attended one or more meetings on January 5, 2001.  Durgarian admits that he discussed the Franklin Fund at one or more meetings on January 5, 2001.  Durgarian admits that the Franklin Fund refused to execute an "as of" trade.  Durgarian is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 58 of the Complaint.

59.     Durgarian denies the allegations contained in Paragraph 59 of the Complaint.

60.     To the extent such allegations are directed at him individually, Durgarian denies the allegations contained in Paragraph 60 of the Complaint.  Durgarian is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 60 of the Complaint.

61.     Durgarian is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 61 of the Complaint.

62.     Durgarian is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 62 of the Complaint.

63.     Durgarian admits that Defendant Childs was head of a compliance department at PFTC in or about January 2001.  Durgarian admits the allegations contained in the second sentence of Paragraph 63 of the Complaint.

64.     Durgarian is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 64 of the Complaint.

65.     Durgarian denies participation a "fraudulent scheme" as alleged in Paragraph 65 of the Complaint.  Durgarian is without knowledge or information

sufficient to form a belief as to the remaining allegations contained in Paragraph 65 of the
Complaint.

66.     Durgarian is without knowledge or information sufficient to form a belief
as to the allegations contained in Paragraph 66 of the Complaint.

67.     Durgarian denies the existence of a "fraudulent scheme" as alleged in
Paragraph 67 of the Complaint.  Durgarian is without knowledge or information
sufficient to form a belief as to the remaining allegations contained in Paragraph 67 of the
Complaint.

68.     Durgarian is without knowledge or information sufficient to form a belief
as to the allegations contained in Paragraph 68 of the Complaint.

69.     Durgarian denies participation in a "fraudulent scheme" as alleged in
Paragraph 69 of the Complaint.  Durgarian is without knowledge or information
sufficient to form a belief as to the remaining allegations contained in Paragraph 69 of the
Complaint.

70.     Durgarian admits the allegations contained in the first sentence of
Paragraph 70 of the Complaint.  The last sentence of Paragraph 70 of the Complaint
contains a legal conclusion as to which no response is required.  To the extent a response
is required, Durgarian is without knowledge or information sufficient to form a belief as
to the allegations contained in the last sentence of Paragraph 70 of the Complaint.

71.     Durgarian admits that he attended one or more meetings on January 5,
2001.  Durgarian admits that he signed certifications on or about September 27, 2002,
November 25, 2002, March 26, 2003, May 27, 2003, September 23, 2003, and August

20, 2003.  Durgarian denies the remaining allegations contained in Paragraph 71 of the

Complaint.

72.     Durgarian is without knowledge or information sufficient to form a belief

as to the allegations contained in Paragraph 72 of the Complaint.

73.     Durgarian admits that his employment with Putnam terminated on March

1, 2004, after and despite his full cooperation with an internal investigation.  Durgarian is

without knowledge or information sufficient to form a belief as to the remaining

allegations contained in Paragraph 73 of the Complaint.

74.     Durgarian is without knowledge or information sufficient to form a belief

as to the allegations contained in Paragraph 74 of the Complaint.

75.     Paragraph 75 of the Complaint states legal conclusions as to which no

response is required.  To the extent any response is required, Durgarian denies the

allegations contained in Paragraph 75 of the Complaint.

## FIRST CLAIM

(Violation of Exchange Act Section 10(b) and
Exchange Act Rule 10b-5 Against All Defendants)

76.     Durgarian repeats and incorporates by reference his responses to

Paragraphs 1 through 75 of the Complaint as if fully set forth herein.

77.     The allegations contained in Paragraph 77 of the Complaint state a legal

conclusion as to which no response is required.  To the extent any response is required,

and to the extent such allegations are directed at him individually, Durgarian denies the

allegations contained in Paragraph 77 of the Complaint.  Durgarian is without knowledge

or information sufficient to form a belief as to the remaining allegations contained in

Paragraph 77 of the Complaint.

78.     The allegations contained in Paragraph 78 of the Complaint state a legal conclusion as to which no response is required.  To the extent any response is required, and to the extent such allegations are directed at him individually, Durgarian denies the allegations contained in Paragraph 78 of the Complaint.  Durgarian is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 78 of the Complaint.

79.     The allegations contained in Paragraph 79 of the Complaint state a legal conclusion as to which no response is required.  To the extent any response is required, and to the extent such allegations are directed at him individually, Durgarian denies the allegations contained in Paragraph 79 of the Complaint.  Durgarian is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 79 of the Complaint.

## SECOND CLAIM

(Violation of Securities Act Section 17(a) Against All Defendants)

80.     Durgarian repeats and incorporates by reference his responses to Paragraphs 1 through 79 of the Complaint as if fully set forth herein.

81.     The allegations contained in Paragraph 81 of the Complaint state a legal conclusion as to which no response is required.  To the extent any response is required, and to the extent such allegations are directed at him individually, Durgarian denies the allegations contained in Paragraph 81 of the Complaint.  Durgarian is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 81 of the Complaint.

82.     The allegations contained in Paragraph 82 of the Complaint state a legal conclusion as to which no response is required.  To the extent any response is required, and to the extent such allegations are directed at him individually, Durgarian denies the allegations contained in Paragraph 82 of the Complaint. Durgarian is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 82 of the Complaint.

83.     The allegations contained in Paragraph 83 of the Complaint state a legal conclusion as to which no response is required.  To the extent any response is required, and to the extent such allegations are directed at him individually, Durgarian denies the allegations contained in Paragraph 83 of the Complaint.  Durgarian is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 83 of the Complaint.

### THIRD CLAIM

(Violation of Investment Company Act Section 34(b) Against Defendant Durgarian)

84.     Durgarian repeats and incorporates by reference his responses to Paragraphs 1 through 83 of the Complaint as if fully set forth herein.

85.     The allegations contained in Paragraph 85 of the Complaint state a legal conclusion as to which no response is required.  To the extent any response is required, Durgarian denies the allegations contained in Paragraph 85 of the Complaint.

86.     The allegations contained in Paragraph 86 of the Complaint state a legal conclusion as to which no response is required.  To the extent any response is required, Durgarian denies the allegations contained in Paragraph 86 of the Complaint.

## FOURTH CLAIM

(Violation of Investment Company Act Section 37 Against Defendant Durgarian)

87.     Durgarian repeats and incorporates by reference his responses to Paragraphs 1 through 86 of the Complaint as if fully set forth herein.

88.     The allegations contained in Paragraph 88 of the Complaint state a legal conclusion as to which no response is required.  To the extent any response is required, Durgarian denies the allegations contained in Paragraph 88 of the Complaint.

89.     The allegations contained in Paragraph 89 of the Complaint state a legal conclusion as to which no response is required.  To the extent any response is required, Durgarian denies the allegations contained in Paragraph 89 of the Complaint.

## FIFTH CLAIM

(Aiding and Abetting PFTC's Uncharged Violations of Exchange Act Section 10(b) and Exchange Act Rule 10b-5 Against All Defendants)

90.     Durgarian repeats and incorporates by reference his responses to Paragraphs 1 through 89 of the Complaint as if fully set forth herein.

91.     Paragraph 91 of the Complaint contains legal conclusions as to which no response is required.

92.      The allegations contained in Paragraph 92 of the Complaint state a legal conclusion as to which no response is required.  To the extent any response is required, and to the extent such allegations are directed at him individually, Durgarian denies the allegations contained in Paragraph 92 of the Complaint.  Durgarian is without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 92 of the Complaint.

93.     The allegations contained in Paragraph 93 of the Complaint state a legal conclusion as to which no response is required.  To the extent any response is required, and to the extent such allegations are directed at him individually, Durgarian denies the allegations contained in Paragraph 93 of the Complaint.  Durgarian is without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 93 of the Complaint.

## PRAYER FOR RELIEF

This section of the Complaint contains the Prayer for Relief as to which no response is required.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint should be dismissed because it fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The Complaint should be dismissed because it fails to comply with the requirements of Fed. R. Civ. P. 9(b).

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Durgarian acted in good faith.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims must fail because Durgarian had no duty to disclose and therefore did not make any material omissions.

### SEVENTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed because Durgarian did not make any material misstatements.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff cannot prove materiality.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims must fail because Durgarian did not possess the requisite scienter.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims must fail because any harm suffered was as a result of conduct of other parties and not of Durgarian.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims must fail because Durgarian did not receive a pecuniary gain.

### TWELFTH AFFIRMATIVE DEFENSE

The Second Claim of the Complaint should be dismissed because the conduct complained of was not "in the offer or sale of securities."

<u>THIRTEENTH AFFIRMATIVE DEFENSE</u>

The Complaint should be dismissed because there was no scheme to defraud, conceal, or cover-up, and the "as-of" transactions referenced are not illegal per se, nor did any "as-of" transaction violate PFTC policy.

<u>FOURTEENTH AFFIRMATIVE DEFENSE</u>

Plaintiff's claims must fail because any harm suffered has already been compensated.

<u>FIFTEENTH AFFIRMATIVE DEFENSE</u>

Plaintiff's claims are barred, in whole or in part, because Durgarian acted in reliance on others.

**<u>RESERVATION OF RIGHTS</u>**

Durgarian reserves the right to amend his Answer and to assert further Affirmative Defenses as any may become available during the course of discovery in this action.

**<u>JURY TRIAL DEMANDED</u>**

Durgarian hereby demands a trial by jury on all issues so triable.

**WHEREFORE**, Durgarian respectfully requests that this Honorable Court:

1.  Enter judgment in favor of Durgarian on all claims against him in the

    Complaint;

2.  Award Durgarian attorneys fees and costs of suit; and

3.  Provide such other and further relief in favor of Durgarian as this Court

    deems meet and just in the premises.

Respectfully submitted,

KARNIG H. DURGARIAN, JR.
By his attorneys,

/s/ Frank A. Libby
Frank A. Libby, Jr. (BBO#  299100)
Alathea E. Brush (BBO# 661100)
**Kelly, Libby & Hoopes, P.C.**
**175 Federal Street**
**Boston, MA  02110**
Tel:  (617) 338-9300

Dated:  April 27, 2007


<u>CERTIFICATE OF SERVICE</u>

  I, Frank A. Libby, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 27th day of April, 2007.

 /s/ Frank A. Libby
Frank A. Libby
