UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| Securities & Exchange Commission, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| Karnig H. Durgarian, Jr., Donald F. McCracken, Ronald B. Hogan, Virginia A. Papa, Kevin F. Crain, and Sandra G. Childs, | ) ) ) ) ) |
| Defendants. | ) ) ) |

Civil Action No.
05 CA 12618NMG

## DEFENDANT RONALD B. HOGAN'S ANSWER TO COMPLAINT

Defendant Ronald B. Hogan ("Mr. Hogan") answers the numbered paragraphs of the Complaint in the above-referenced action (the "Complaint") as follows:

1.      Mr. Hogan denies the allegations contained in Paragraph 1 of the Complaint.

2.      Mr. Hogan lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 2 of the Complaint.  Mr. Hogan denies the allegations contained in the second and third sentences of Paragraph 2 of the Complaint.

3.      Mr. Hogan denies the allegations contained in Paragraph 3 of the Complaint as they are alleged against him and lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint as they are alleged against the other Defendants.

4.      Mr. Hogan states that the allegations contained in Paragraph 4 of the Complaint are conclusions of law and do not require a response. To the extent a response is required, Mr. Hogan denies the allegations as they are alleged against him and lacks knowledge or information sufficient to form a belief as to the truth of the allegations as they are alleged against the other Defendants.

5.      Mr. Hogan states that the allegations contained in the first sentence of Paragraph 5 of the Complaint are conclusions of law and do not require a response. To the extent a response is required, Mr. Hogan denies the allegations against him and lacks knowledge or information sufficient to form a belief as to the truth of the allegations as they are alleged against the other Defendants. Mr. Hogan states that the allegations contained in the second sentence of Paragraph 5 of the Complaint allege remedies that the SEC is seeking and are conclusions of law that do not require any response. To the extent a response is required to the allegations contained in the second sentence of Paragraph 5 of the Complaint, Mr. Hogan denies said allegations as they are alleged against him and lacks knowledge or information sufficient to form a belief as to the truth of such allegations as they are alleged against the other Defendants.

6.      Mr. Hogan states that the allegations contained in Paragraph 6 of the Complaint call for legal conclusions and require no response.

7.      Mr. Hogan states that the allegations contained in Paragraph 7 of the Complaint call for legal conclusions and require no response. To the extent a response is required, Mr. Hogan lacks knowledge or information sufficient to form a belief as to the truth of said allegations.

8.      Mr. Hogan states that the allegations contained in Paragraph 8 of the Complaint call for legal conclusions and seek to characterize the Complaint, and require no response.  To the extent a response is required, Mr. Hogan denies said allegations.

9.      Mr. Hogan admits that Mr. Durgarian was Chief of Operations of PFTC and a Senior Managing Director, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 9 of the Complaint, including insofar as they are characterized as concerning "the relevant time period," as such time period is undefined.

10.      Mr. Hogan admits that Mr. McCracken was Head of Global Operations Services for PFTC, that the global operations services division of PFTC included, among other things, the unit that performed fund accounting for the Putnam mutual funds, including the Research Fund, that he was a Managing Director, and that he reported to Mr. Durgarian.  Mr. Hogan lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 10 of the Complaint, including insofar as they are characterized as concerning "the relevant time period," as such time period is undefined.

11.      Mr. Hogan admits the allegations contained in Paragraph 11 of the Complaint, except that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they are characterized as concerning "the relevant time period," as such time period is undefined.

12.      Mr. Hogan admits that Ms. Papa oversaw PFTC's new business implementation, trust operations, and plan administration units, was a Managing Director, reported to Mr. Durgarian, and was the supervisor of Mr. Crain and Ms. Childs.  Mr.

Hogan lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 12 of the Complaint, including insofar as they are characterized as concerning "the relevant time period," as such time period is undefined.

13.     Mr. Hogan admits the allegations contained in Paragraph 13 of the Complaint, except that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they are characterized as concerning "the relevant time period," as such time period is undefined.

14.     Mr. Hogan admits the allegations contained in Paragraph 14 of the Complaint, except that he lacks knowledge or information as to the truth of the allegations contained in Paragraph 14 of the Complaint concerning where Ms. Childs resides, and lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint insofar as they are characterized as concerning "the relevant time period," as such time period is undefined.

15.     Mr. Hogan lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 15 of the Complaint.  Mr. Hogan admits the allegations contained in the second sentence of Paragraph 15 of the Complaint, except that he lacks knowledge or information sufficient to form a belief as to the truth of such allegations insofar as they are characterized as concerning "the relevant time period," as such time period is undefined.  Mr. Hogan lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third sentence of Paragraph 15 of the Complaint, including insofar as they are characterized as concerning "the relevant time period," as such time period is

undefined. As to the allegations contained in the fourth sentence of Paragraph 15 of the Complaint, Mr. Hogan admits that PFTC administered employee defined contribution plans for Cardinal but lacks knowledge or information concerning whether that occurred during the entire time period of 1998 to 2004.

16.    Mr. Hogan lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint, except that he admits that the Putnam Research Fund is a fund.

17.    Mr. Hogan lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint, except that he admits that the George Putnam Fund of Boston is a fund.

18.    Mr. Hogan lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint, except that he admits that the Putnam Asset Allocation Funds is a fund.

19.    Mr. Hogan admits that Cardinal Health, Inc., is a health care company that sponsored several employee defined contribution plans, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 19 of the Complaint.

20.    Mr. Hogan admits the allegations contained in the first and second sentences of Paragraph 20 of the Complaint. As to the third sentence of Paragraph 20 of the Complaint, Mr. Hogan admits that generally, a fund's NAV is calculated once a day, and denies the remaining allegations.

21.    Mr. Hogan admits the allegations contained in Paragraph 21 of the Complaint to the extent that they relate to the time period of Mr. Hogan's employment

with PFTC and lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint to the extent that they pre-date and post-date his employment with PFTC.

22.     Mr. Hogan admits the allegations contained in the first sentence of the Complaint, except that he lacks knowledge or information as to the truth of said allegations insofar as they are characterized as concerning "the relevant time period," as such time period is undefined. Mr. Hogan states that the allegations contained in the second sentence of Paragraph 22 of the Complaint assert legal conclusions to which no response is required. To the extent a response is required, Mr. Hogan denies such allegations.

23.     Mr. Hogan admits the allegations contained in Paragraph 23 of the Complaint.

24.     Mr. Hogan lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 24 of the Complaint. Mr. Hogan denies the allegations contained in the second sentence of Paragraph 24 of the Complaint.

25.     Mr. Hogan lacks knowledge and information sufficient to form a belief as to truth of the allegations contained in the first sentence and second sentence of Paragraph 25 of the Complaint. Mr. Hogan denies the allegations contained in the third sentence of Paragraph 25 of the Complaint.

26.     Mr. Hogan states that Paragraph 26 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, Mr. Hogan denies said allegations.

27.     Mr. Hogan admits that in 2000, Cardinal made arrangements to transfer combined assets from then-existing Cardinal Plans and Allegiance DC Plans to PFTC so that Cardinal could invest those assets, including in several mutual funds.  Mr. Hogan denies the remaining allegations contained in Paragraph 27 of the Complaint.

28.     Mr. Hogan admits that assets of the Allegiance DC Plan at some point were liquidated and transferred to PFTC to an account for the Combined Plan.  Mr. Hogan lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 28 of the Complaint.

29.     Mr. Hogan admits the allegations contained in the first sentence of Paragraph 29 of the Complaint except that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the date on which they occurred.  Mr. Hogan lacks knowledge or information concerning the truth of the allegations contained in the second sentence of Paragraph 29 of the Complaint.

30.     As to the allegations contained in the first sentence of Paragraph 30 of the Complaint, Mr. Hogan admits that after assets of the Alliance and Cardinal DC Plans were combined in an account for the Combined Plan, PFTC was given instructions by Cardinal to invest those assets, including in several mutual funds, and that Cardinal specified how those assets should be allocated among the various mutual funds.  Mr. Hogan denies the remaining allegations contained in the first sentence of Paragraph 30 of the Complaint.  Mr. Hogan lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 30 of the Complaint.

31.     Mr. Hogan lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 31 of the Complaint.  Mr. Hogan denies the allegations contained in the second and third sentences of Paragraph 31 of the Complaint.

32.     Mr. Hogan lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence and the second sentence of Paragraph 32 of the Complaint.  Mr. Hogan admits the allegations contained in the third sentence of Paragraph 32 of the Complaint insofar as they allege that generally, market movement has an impact on mutual funds, and denies the remaining allegations contained in that sentence.

33.     Mr. Hogan lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint.

34.     Mr. Hogan lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint.

35.     Mr. Hogan states that the allegations contained in Paragraph 35 of the Complaint seek to characterize documents that speak for themselves, denies said allegations to the extent that they mischaracterize and/or misquote such documents, and denies any suggestion that he engaged in any wrongdoing.

36.     As to the allegations contained in Paragraph 36 of the Complaint, Mr. Hogan admits that on or about January 3, 2001, on or about January 4, 2001, and on or about January 5, 2001, he attended meetings with others, including Mr. Crain, and Ms. Childs, about the investment of Cardinal's assets in the Fund of Funds, and that Ms. Papa

attended one or more of such meetings.  Mr. Hogan denies the remaining allegations contained in Paragraph 36 of the Complaint.

37.     Mr. Hogan denies the allegations contained in Paragraph 37 of the Complaint.

38.     Concerning the allegations contained in Paragraph 38 of the Complaint, Mr. Hogan admits that "as of" trades include backdated purchases or sales of securities, they are used for, among other purposes, to correct errors, and "as of" trades are common occurrences.  Mr. Hogan lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 38 of the Complaint.

39.     Mr. Hogan admits the allegations contained in the first, second, and third sentences of Paragraph 39 of the Complaint.  Mr. Hogan admits the allegations contained in the fourth sentence of Paragraph 39 of the Complaint to the extent that said allegations relate to the example set forth in such paragraph, and otherwise denies said allegations.

40.     Mr. Hogan denies the allegations contained in Paragraph 40 of the Complaint.

41.     Mr. Hogan denies the allegations contained in Paragraph 41 of the Complaint as they are alleged against him and lacks knowledge or information sufficient to form a belief as to said allegations as they are alleged against other Defendants.

42.     As to the allegations contained in Paragraph 42 of the Complaint, Mr. Hogan admits that on or about January 5, 2001, he attended meetings with others, including the other defendants, about the investment of Cardinal's assets in the Fund of Funds.  Mr. Hogan denies the remaining allegations contained in Paragraph 42 of the Complaint.

43.     As to the allegations contained in Paragraph 43 of the Complaint, Mr.

Hogan admits that on or about January 5, 2001, he attended meetings with others,

including the other defendants, about the investment of Cardinal's assets in the Fund of

Funds. Mr. Hogan denies the remaining allegations contained Paragraph 43 of the

Complaint.

44.     Mr. Hogan denies the allegations contained in Paragraph 44 of the

Complaint.

45.     Mr. Hogan denies the allegations contained in the first sentence of

Paragraph 45 of the Complaint. Mr. Hogan lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations contained in Paragraph 45 of the

Complaint, except that he denies any suggestion that he engaged in any wrongdoing.

46.     Mr. Hogan denies the allegations contained in the first sentence of

Paragraph 46 of the Complaint. Mr. Hogan admits the allegations contained in the

second sentence of Paragraph 46 of the Complaint, except that he denies any suggestion

that he engaged in any wrongdoing. Mr. Hogan lacks knowledge or information

sufficient to form a belief as to the truth of the allegations contained in the third and

fourth sentences of Paragraph 46 of the Complaint, except that he denies any suggestion

that he engaged in any wrongdoing.

47.     Mr. Hogan denies the allegations contained in Paragraph 47 of the

Complaint.

48.     Mr. Hogan lacks knowledge or information sufficient to form a belief as to

the truth of the allegations contained in the first sentence of Paragraph 48 of the

Complaint. Mr. Hogan denies the allegations contained in the second sentence of

Paragraph 48 of the Complaint as they are alleged against him and lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 48 of the Complaint as they are alleged against other Defendants.

49.    Mr. Hogan lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of the Complaint.

50.    Mr. Hogan denies the allegations contained in Paragraph 50 of the Complaint as they are alleged against him and lacks knowledge or information sufficient to form a belief as to the truth of said allegations as they are alleged against other Defendants.

51.    Mr. Hogan lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 of the Complaint, except that he denies any suggestion that he engaged in any wrongdoing.

52.    Concerning the allegations contained in Paragraph 52 of the Complaint, Mr. Hogan admits that on or about January 5, 2001, he attended meetings with others, including the Defendants, denies the remaining allegations contained in Paragraph 52 of the Complaint as they are alleged against him, and lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning discussions between Mr. Durgarian and Mr. McCracken.

53.    Mr. Hogan lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 of the Complaint.

54.    Concerning the allegations contained in Paragraph 54 of the Complaint, Mr. Hogan admits that on or about January 5, 2001, he attended meetings with others,

including the Defendants, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 54 of the Complaint, except that he denies any suggestion that he engaged in any wrongdoing.

55.    Mr. Hogan lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 of the Complaint.

56.    Mr. Hogan lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 of the Complaint, except that he denies any suggestion that he engaged in any wrongdoing.

57.    Mr. Hogan lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 of the Complaint, except that he denies any suggestion that he engaged in any wrongdoing.

58.    Concerning the allegations contained in Paragraph 58 of the Complaint, Mr. Hogan admits that he attended meetings with others on or about January 5, 2001, including the Defendants, that Franklin was discussed, that he and others had discussion with Franklin, and that Franklin refused to execute "as of" trades.  Mr. Hogan lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 58 of the Complaint.

59.    Mr. Hogan lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 of the Complaint.

60.    Mr. Hogan lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 of the Complaint.

61.     Mr. Hogan lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 of the Complaint except that he denies any suggestion that he engaged in any wrongdoing.

62.     Mr. Hogan lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 of the Complaint.

63.     Mr. Hogan admits the allegations contained in Paragraph 63 of the Complaint.

64.     Mr. Hogan lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 of the Complaint.

65.     Mr. Hogan lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65 of the Complaint, except that he denies any suggestion that he engaged in any wrongdoing.

66.     Mr. Hogan lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66 of the Complaint.

67.     Mr. Hogan lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67 of the Complaint, except that he denies any suggestion that he engaged in any wrongdoing.

68.     Mr. Hogan lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68 of the Complaint.

69.     Mr. Hogan lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 of the Complaint, except that he denies any suggestion that he engaged in any wrongdoing.

70.     Mr. Hogan lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70 of the Complaint.

71.     Mr. Hogan lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71 of the Complaint, except that he denies any suggestion that he engaged in any wrongdoing.

72.     Mr. Hogan lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72 of the Complaint, except that he denies any suggestion that he engaged in any wrongdoing.

72.     Mr. Hogan lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and second sentences of Paragraph 73 of the Complaint.  Mr. Hogan denies the allegations contained in the third sentence of Paragraph 73 of the Complaint as they pertain to him, except that he admits that he was terminated after and despite the fact that he fully cooperated with an internal investigation, and lacks knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to other Defendants.

74.     Mr. Hogan lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74 of the Complaint, except that he denies any suggestion that he engaged in any wrongdoing.

75.     Mr. Hogan states that the allegations contained in Paragraph 75 of the Complaint call for legal conclusions that do not require a response.  To the extent a response is required, Mr. Hogan denies said allegations.

76.     Mr. Hogan repeats and incorporates by reference his answers to the allegations in paragraphs 1 through 75 as if set forth fully herein.

77.     Mr. Hogan states that the allegations contained in Paragraph 77 of the Complaint call for legal conclusions that do not require a response.  To the extent a response is required, Mr. Hogan denies said allegations as they are alleged against him and lacks knowledge or information sufficient to form a belief as to the truth of said allegations as they are alleged against other Defendants.

78.     Mr. Hogan states that the allegations contained in Paragraph 78 of the Complaint call for legal conclusions that do not require a response.  To the extent a response is required, Mr. Hogan denies said allegations as they are alleged against him and lacks knowledge or information sufficient to form a belief as to the truth of said allegations as they are alleged against other Defendants.

79.     Mr. Hogan states that the allegations contained in Paragraph 79 of the Complaint call for legal conclusions that do not require a response.  To the extent a response is required, Mr. Hogan denies the allegations contained in Paragraph 79 of the Complaint as they are alleged against him and lacks knowledge or information sufficient to form a belief as to the truth of said allegations as they are alleged against other Defendants.

80.     Mr. Hogan repeats and incorporates by reference his answers to the allegations in paragraphs 1 through 79 as if set forth fully herein.

81.     Mr. Hogan states that the allegations contained in Paragraph 81 of the Complaint call for legal conclusions that do not require a response.  To the extent a response is required, Mr. Hogan denies the allegations contained in Paragraph 81 of the Complaint as they are alleged against him and lacks knowledge or information sufficient

to form a belief as to the truth of said allegations as they are alleged against other Defendants.

82.     Mr. Hogan states that the allegations contained in Paragraph 82 of the Complaint call for legal conclusions that do not require a response.  To the extent a response is required, Mr. Hogan denies the allegations contained in Paragraph 82 of the Complaint as they are alleged against him and lacks knowledge or information sufficient to form a belief as to the truth of said allegations as they are alleged against other Defendants.

83.     Mr. Hogan states that the allegations contained in Paragraph 83 of the Complaint call for legal conclusions that do not require a response.  To the extent a response is required, Mr. Hogan denies the allegations contained in Paragraph 83 of the Complaint as they are alleged against him and lacks knowledge or information sufficient to form a belief as to the truth of said allegations as they are alleged against other Defendants.

84.     Mr. Hogan repeats and incorporates by reference his answers to the allegations in paragraphs 1 through 83 as if set forth fully herein.

85.     Mr. Hogan lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 85 of the Complaint.

86.     Mr. Hogan lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 86 of the Complaint.

87.     Mr. Hogan repeats and incorporates by reference his answers to the allegations in Paragraphs 1 through 87 as if set forth fully herein.

88.     Mr. Hogan lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88 of the Complaint.

89.     Mr. Hogan lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89 of the Complaint.

90.     Mr. Hogan repeats and incorporates by reference his answers to the allegations in Paragraphs 1 through 89 as if set forth fully herein.

91.     Paragraph 91 of the Complaint asserts legal conclusions to which no response is required.

92.     Mr. Hogan states that the allegations contained in Paragraph 92 of the Complaint call for legal conclusions that do not require a response.  To the extent a response is required, Mr. Hogan lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 92 of the Complaint, except that he denies any suggestion that he engaged in any wrongdoing.

93.     Mr. Hogan states that the allegations contained in Paragraph 93 of the Complaint call for legal conclusions that do not require a response.  To the extent a response is required, Mr. Hogan denies the allegations contained in Paragraph 93 of the Complaint as they are alleged against him and lacks knowledge or information sufficient to form a belief as to the truth of the allegations as they are alleged against the other Defendants.


The Prayer for Relief does not require a response.

### FIRST AFFIRMATIVE DEFENSE

The Complaint should be dismissed because it fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Complaint should be dismissed because it fails to comply with the requirements of Fed. R. Civ. P. 9(b).

### THIRD AFFIRMATIVE DEFENSE

The Complaint should be dismissed because Mr. Hogan acted in good faith.

### FOURTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed because Mr. Hogan had no duty to disclose and therefore did not make any material omissions.

### FIFTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed because Mr. Hogan did not make any material misstatements.

### SIXTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed because Mr. Hogan did not receive any pecuniary gain.

### SEVENTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed because Mr. Hogan did not have the requisite scienter.

## EIGHTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed to the extent that PFTC and/or the Defendants other than Mr. Hogan did not have the requisite scienter.

## NINTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed to the extent that those allegedly harmed by the allegations, if anyone, have already been compensated for said harm.

## TENTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed because the harm complained of was the result of conduct of those other than Mr. Hogan and not of Mr. Hogan.

## ELEVENTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed insofar as the conduct complained of was authorized by others for whom Mr. Hogan is not responsible.

## TWELFTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed insofar as it may be barred by the applicable statute of limitations and/or the doctrine of laches.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Second Claim of the Complaint should be dismissed because the conduct complained of was not "in the offer or sale of securities."

## FOURTEENTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed because there was no scheme to defraud, concealment, or cover-up, and the "as-of" transactions referenced are not illegal per se and did not violate PFTC policy.

## FIFTEENTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed because the Plaintiff cannot prove materiality.

## SIXTEENTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed insofar as Mr. Hogan acted in reliance on others.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed because any harm is the result of circumstances over which Mr. Hogan had no control and for which he is not responsible.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed insofar as it is inconsistent with the Court's ruling on the Motions to Dismiss.

WHEREFORE, Mr. Hogan respectfully requests that this Honorable Court:

1. Enter judgment in favor of Mr. Hogan on all claims in the Complaint that are alleged against him;

2. Award Mr. Hogan his costs and fees to the extent provided by law; and

3.      Enter such further relief in favor of Mr. Hogan as this Court deems just.

**Mr. Hogan demands a trial by jury on all issues so triable.**


                                        Respectfully submitted,

                                        RONALD B. HOGAN,
                                        By his attorneys,



                                          _/s/   Jamie L. Wacks_
                                        Bruce A. Singal, BBO #464420
                                        Jamie L. Wacks, BBO #641183
                                        Donoghue, Barrett & Singal, P.C.
                                        One Beacon Street, Suite 1320
                                        Boston, MA 02108
                                        (617) 720-5090

Dated:  April 27, 2007

                        CERTIFICATE OF SERVICE

      I, Jamie L. Wacks, hereby certify that this document filed through the ECF system
will be sent electronically to the registered participants as identified on the Notice of
Electronic filing (NEF) and paper copies will be sent to those indicated as non-registered
participants on this 27th day of April, 2007.


                                          _/s/    Jamie L. Wacks_
                                        Jamie L. Wacks