UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SECURITIES AND EXCHANGE COMMISSION,

          Plaintiff,

v.

KARNIG H. DURGARIAN, JR.,
DONALD F. McCRACKEN, and
RONALD B. HOGAN,

          Defendants.

C.A. No. 05-12618 (NMG)

## FINAL JUDGMENT AS TO DEFENDANT RONALD B. HOGAN

The Securities and Exchange Commission having filed a Complaint and Defendant Ronald B. Hogan having entered a general appearance; consented to the Court's jurisdiction over himself and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Hogan and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate

commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Hogan and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or

would operate as a fraud or deceit upon the purchaser.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Hogan shall pay a civil penalty in the amount of $35,000 pursuant to 15 U.S.C. §§ 77t(d), 78u(d)(3), 80a-41(e). Hogan shall make this payment pursuant to the terms of the payment schedule set forth in paragraph IV below after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payments shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Ronald B. Hogan as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; specifying that payment is made pursuant to this Final Judgment; and carbon copied to Scott Pomfret, Esq., U.S. Securities and Exchange Commission, Boston Regional Office, 33 Arch Street, 23rd Floor, Boston, Massachusetts 02110. Hogan shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

IV.

Hogan shall pay $35,000 in five installments according to the following schedule: (1) $15,000, within 10 days of entry of this Final Judgment plus post-judgment interest pursuant to 28 U.S.C. § 1961; (2) $5,000, within 90 days of entry of this Final Judgment plus post-judgment interest pursuant to 28 U.S.C. § 1961; (3) $5,000, within 180 days of entry of this Final

3

Judgment plus post-judgment interest pursuant to 28 U.S.C. § 1961; (4) $5,000, within 270 days of entry of this Final Judgment plus post-judgment interest pursuant to 28 U.S.C. § 1961; and (5) $5,000, within 360 days of entry of this Final Judgment plus post-judgment interest pursuant to 28 U.S.C. § 1961.

If Hogan fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately without further application to the Court.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Hogan shall comply with all of the undertakings and agreements set forth therein.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: Oct 30, 2008

_Nathaniel M. Gorton_
UNITED STATES DISTRICT JUDGE