UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>Plaintiff,<br><br>v.<br><br>KARNIG H. DURGARIAN, JR.,<br>DONALD F. MCCRACKEN,<br>RONALD B. HOGAN,<br>VIRGINIA A. PAPA, KEVIN F. CRAIN and<br>SANDRA G. CHILDS,<br>Defendants. | Civil Action No. 05 CA 12618 NMG |

**DEFENDANT DONALD F. MCCRACKEN'S MOTION FOR SUMMARY JUDGMENT**

As set forth in the memorandum of law and supporting materials submitted herewith, defendant Donald F. McCracken ("McCracken") moves, pursuant to Fed. R. Civ. P. 56, for summary judgment dismissing Counts I, II and V of the Complaint in this matter, the only Counts applicable to him. McCracken so moves because facts which cannot genuinely be disputes establish that he is entitled to judgment as a matter of law. More specifically:

1. The Complaint in this matter charges McCracken in Count I with violations of Section 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q(a), and in Count II with violating Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. 78j(b), and Rule 10b-5 thereunder. These provisions are each anti-fraud provisions. Count V charges McCracken with aiding and abetting a violation of Section 10(b) of the Securities Exchange Act committed by his former employer.

2. The Complaint alleges that McCracken engaged in conduct that this Court has already determined was not sufficient to give rise to either primary or aider and abettor liability, and goes on to make the additional charge that McCracken engaged in conduct to conceal

aspects of the alleged scheme. This Court previously ruled that the allegations concerning this additional conduct precluded dismissing the Complaint as against McCracken.

3. On March 31, 2009, McCracken, through counsel, deposed the plaintiff, the Securities and Exchange Commission's ("SEC") designated expert. That expert testified that the action in which McCracken was alleged to have engaged to conceal aspects of the scheme did not do so and could not do so. Accordingly, it cannot be genuinely disputed that the actions in which McCracken is alleged to have engaged, beyond those which the Court has already determined could not give rise to liability, did not conceal any aspect of the scheme and did nothing to foster it.

4. Based on the law of the case and controlling authorities, McCracken is entitled to judgment dismissing the Complaint.

DONALD F. MCCRACKEN

By his attorneys,

/s/ Gary S. Matsko
Gary S. Matsko, BBO # 324640
Joshua S. Grossman, BBO # 643939
**DAVIS, MALM & D'AGOSTINE, P.C.**
One Boston Place
Boston, MA  02108
(617) 367-2500

Dated: April 15, 2009

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on April 15, 2009

/s/ Gary S. Matsko